PETERS, J.,
concurring.
pi agree that the grant of summary judgment in favor of Lori Heaphy and Associates (Ms. Heaphy) should be reversed, but for other reasons. The principal opinion finds that there are genuine issues of material fact concerning whether there was an agreement for the court reporter taking the deposition to send the deposition to Mr. Adams’ attorney rather than Mr. Adams, but I find that the record before us does not support that conclusion. However, given the record before us, I find that we need not even get to that point in reversing the grant of the summary judgment.
In support of her motion for summary judgment, Ms. Heaphy offered only the affidavit of Lauren Denham, the court reporter who recorded and transcribed Mr. Adams’ deposition. In her affidavit, Ms. Denham carefully avoided mentioning the dispute over where the deposition was to be sent after transcription and merely asserted that she had performed all of the duties required of her under La.Code Civ.P. art. 1445. On the other hand, the affidavit of Mr. Adams’ attorney submitted in opposition to the motion for summary judgment specifically states that there was an agreement to have the deposition sent to him instead of his client. | gGiven the fact that his statement is undisputed, there is no genuine issue of material fact concerning that issue, and Ms. Heaphy chose at a later time to ignore that agreement.
*179 My conclusion that the matter should be reversed is based on the complete failure of Ms. Heaphy’s office to comply with the very basic requirements of La. Code Civ.P. art. 1445. Ms. Heaphy acknowledges that the purpose of her office’s actions in condensing the deposition to a copy of four pages of testimony for every original page transcribed and in overlaying each of those condensed pages with a two-and-one-half inch wide red line down the middle was to prevent Mr. Adams’ attorney from making a copy without paying her office for the copy. Nonetheless, she argues that she could do so without impunity because she had fully complied with the appropriate provisions of the Louisiana Code of Civil Procedure. I find this argument to be without merit.
Ms. Heaphy and her court-reporter employees are officers of the court. See La. Code Civ.P. arts. 372 and 1443(C). That being the case, neither she nor her employees can simply change the requirements associated with the taking of depositions for the personal purpose of collecting an additional fee. Louisiana Code of Civil Procedure Article 1466(B) provides, in part, that the attorney or firm taking a deposition is liable for the charges associated with the reporting and transcribing of the deposition, and that an attorney who attends the deposition and requests a copy of the deposition from the court reporter is liable for the cost of that copy. However, nothing in La.Code Civ.P. art. 1466(B) requires an attorney attending a deposition to request a copy from the court reporter and, as pointed out in the principal opinion, he or she can later obtain a copy without going through the court reporter. See La.Code Civ.P. art. 1446(A)(1).
|sWith regard to the signing requirement at issue in this litigation, La.Code Civ.P. art. 1445 provides that after the deposition has been transcribed, it (not a defaced copy or even an ordinary copy) “shall be submitted to the witness for examination[.]” (Emphasis added.) This mandatory requirement is not satisfied by the submission of a copy, much less one that is condensed and defaced as the one in this litigation. Once the deponent signs the deposition, he or she must return it to the court reporter. That officer of the court must then certify and seal the deposition pursuant to the requirements of La. Code Civ.P. art. 1446(A), and forward it “to the party at whose request the deposition was taken, who shall become the custodian of the deposition.” “The original of the deposition shall not be filed in the record, but shall be made available to all other parties in the matter for inspection or copying.” Id. (Emphasis added.) A question not addressed by the record now before us is whether Ms. Heaphy forwarded the original deposition to Acadian Works, Inc. (the party requesting the deposition) or to its attorney, after refusing to honor Mr. Adams’ request that the deposition be forwarded to him through his attorney.
The obvious purpose of handling of the original deposition as required in La.Code Civ.P. arts. 1445 and 1446, is to protect the integrity of deposition itself; and while there is no evidence in this case of improper conduct in that respect, to allow copies to be used in one instance and the original in another opens the door for mischief. Just as the attorney for the party taking the deposition (despite the language of La. Code Civ.P. art. 1446 requiring it to be sent to the party, not the attorney) becomes the custodian of the original deposition, it is understandable that the attorney for the deponent should have input with his or her client in signing the original. It is simply professional courtesy. The court reporter has been paid for |4services ren *180 dered, and it should be of no consequence to the court reporter if the deponent’s attorney makes a copy of the deposition.
In this case, no one disputes the fact that Mr. Adams did not receive and sign the original deposition. Therefore, Ms. Heaphy has yet to comply with La.Code Civ.P. art. 1445. I would reverse the grant of summary judgment on this basis,